# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GENERAL STAR INDEMNITY COMPANY, | ) |
| Plaintiff, | ) **Civil Action No.:** 14-cv-3579 |
| v. | ) |
| DRIVEN SPORTS, INC., | ) |
| Defendant. | ) |

**RESPONSE TO STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT DRIVEN SPORTS, INC.'S OPPOSITION TO GENERAL STAR'S MOTION FOR SUMMARY JUDGMENT**

Defendant Driven Sports, Inc. submits this Response to Statement of Material Facts pursuant to Local Rule 56.1 in support of its Opposition to General Star's Motion for Summary Judgment.

| | **General Star's Allegedly Undisputed Facts** | **Driven Sports' Response and Supporting Evidence** |
|---|---|---|
| 1. | General Star issued Commercial Lines Policy No. IYG408336D to Driven Sports for the Policy Period November 1, 2012 to November 1, 2013 (the "Policy"). Complaint ¶ 7; Answer ¶ 7. | Undisputed. |
| 2. | The Policy has a $3 million aggregate limit of liability, a $2 million personal and advertising injury limit for any one person or organization, and a $2,500 per Claim deductible. Complaint ¶ 7; Answer ¶ 7. | Undisputed. |
| 3. | SECTION I—COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY of the Policy provides:<br>**1. Insuring Agreement**<br>a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does | Undisputed that this recites portions of the Policy. |

not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages and Supplementary Payments is limited as described in Section **III** – Limits Of Insurance; and

(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments, settlements or Supplementary Payments under Coverages **A** or **B**.

No other obligation or liability to pay sums or perform acts or services is covered.

b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business, but only if:

(1) The offense was committed in the "coverage territory";

(2) The offense was not committed before the Retroactive Date, if any, shown in the Declarations, or after the end of the policy period; and

(3) A claim for damages because of the "personal and advertising injury" is first made against any insured . . . during the policy period or any Extended Reporting Period . . . .

Complaint ¶ 7; Answer ¶ 7; Exhibit 1 to the Declaration of Cara Tseng Duffield in Support of General Star's Motion for Summary Judgment (Policy, Section I, Coverage B, Part 1.a and b, as amended by Endorsement 8).

| | | |
|---|---|---|
| 4. | SECTION VI—DEFINITIONS, 14 of the Policy provides:<br><br>14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:<br><br>a. False arrest, detention or imprisonment;<br><br>b. Malicious prosecution;<br><br>c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;<br><br>d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or<br><br>e. Oral or written publication of any material, in any manner, that violates a person's right of privacy.<br><br>Exhibit 1 (Policy, Section VI.14, as amended by Endorsement 5). | Undisputed that this recites portions of the Policy. |
| 5. | SECTION I—COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY of the Policy provides:<br><br>2. Exclusions<br><br>This insurance does not apply to:<br><br>. . .<br><br>g. **Quality Or Performance Of Goods—Failure To Conform To Statements**<br><br>"Personal and advertising injury" arising out of the failure of | Undisputed that this recites portions of the Policy. |

| | | |
|---|---|---|
| | goods, products or services to conform with any statement of quality or performance made in your "advertisement". Exhibit 1 (Policy, Section I, Coverage B, Part 2.g). | |
| 6. | SECTION I—COVERAGES—SUPPLEMENTARY PAYMENTS—COVERAGES A AND B of the Policy provides:<br>We will pay, with respect to any claim we investigate or settle or any "suit" against an insured we defend:<br>a. All expenses we incur.<br>b. Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.<br>c. The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.<br>d. All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.<br>e. All costs taxed against the insured in the "suit".<br>f. Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer. | Undisputed that this recites portions of the Policy. |

| | | |
|---|---|---|
| | g. All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.<br>**THESE PAYMENTS, EXCLUSIVE OF SALARIES AND EXPENSES OF OUR OWN EMPLOYEES, WILL REDUCE THE LIMITS OF INSURANCE.**<br>Exhibit 1 (Policy, Section I, Supplementary Payments, Part 1, as amended by Endorsement 8). | |
| 7. | SECTION III—LIMITS OF INSURANCE provides:<br>2. The General Aggregate Limit is the most we will pay for the sum of: . . . .<br>b. Damages and Supplementary Payments under Coverage B. . . .<br>4. Subject to 2. above, the Personal and Advertising Injury Limit is the most we will pay under Coverage B for the sum of all damages and Supplementary Payments because of all "personal and advertising injury" sustained by any one person or organization.<br>Exhibit 1 (Policy, Section III, as amended by Endorsement 8). | Undisputed that this recites portions of the Policy. |
| 8. | On August 22, 2013, Nutrition Distribution LLC filed a complaint against Driven Sports and non-parties Sports Nutrition Research Ltd. and Does 1–10 in the United States District Court for the Central District of California, case no. | Undisputed. |

| | | |
|---|---|---|
| | 13-cv-6195 (the "Nutrition Action").<br><br>Complaint ¶ 15; Answer ¶ 15; Exhibit 2. | |
| 9. | On October 17, 2013, Shantell Olvera filed a putative class action complaint against Driven Sports in the United States District Court for the Northern District of California, case no. 13-cv-04830 (the "Olvera Action").<br><br>Complaint ¶ 17; Answer ¶ 17; Exhibit 3. | Undisputed. |
| 10. | On May 15, 2014, the plaintiffs in the Olvera Action filed a consolidated amended class action complaint in the Olvera Action.<br><br>Complaint ¶ 17; Answer ¶ 17; Exhibit 7. | Undisputed. |
| 11. | On November 12, 2013, Marcus Wagner filed a putative class action complaint against Driven Sports in the United States District Court for the Northern District of California, case no. 13-cv-05239 (the "Wagner Action").<br><br>Complaint ¶ 19; Answer ¶ 19; Exhibit 4. | Undisputed. |
| 12. | On January 22, 2014, Wagner filed an amended class action complaint against Driven Sports and non-party General Nutrition Center, Inc. in the Wagner Action (the "Amended Wagner Complaint").<br><br>Complaint ¶ 19; Answer ¶ 19; Exhibit 5. | Undisputed. |

| | | |
|---|---|---|
| 13. | On May 1, 2014, the Wagner Action was consolidated with the Olvera Action.<br>Exhibit 6. | Undisputed. |
| 14. | On December 10, 2013, Andrew Stewart filed a putative class action complaint against Driven Sports in the United States District Court for the Northern District of Illinois, Eastern Division, case no. 13-cv-08789 (the "Stewart Action").<br>Complaint ¶ 21; Answer ¶ 21; Exhibit 8. | Undisputed. |
| 15. | By letter dated March 18, 2014, General Star agreed to provide a defense to Driven Sports for the Nutrition Action under the Policy, subject to a complete reservation of its rights, including the right to recoup any amounts paid to or on behalf of Driven Sports in the event it ultimately is determined that coverage is not available for the Nutrition Action.<br>Exhibit 9. | Undisputed that General Star made the referenced assertions, but disputed as to the significance of the statements. |
| 16. | By letter dated March 18, 2014, General Star agreed to provide a defense to Driven Sports for the Olvera Action under the Policy, subject to a complete reservation of its rights, including the right to recoup any amounts paid to or on behalf of Driven Sports in the event it ultimately is determined that coverage is not available for the Olvera Action.<br>Exhibit 10. | Undisputed that General Star made the referenced assertions, but disputed as to the significance of the statements. |

| | | |
|---|---|---|
| 17. | By letter dated March 18, 2014, General Star agreed to provide a defense to Driven Sports for the Wagner Action under the Policy, subject to a complete reservation of its rights, including the right to recoup any amounts paid to or on behalf of Driven Sports in the event it ultimately is determined that coverage is not available for the Wagner Action.<br>Exhibit 11. | Undisputed that General Star made the referenced assertions, but disputed as to the significance of the statements. |
| 18. | By letter dated March 18, 2014, General Star agreed to provide a defense to Driven Sports for the Stewart Action under the Policy, subject to a complete reservation of its rights, including the right to recoup any amounts paid to or on behalf of Driven Sports in the event it ultimately is determined that coverage is not available for the Stewart Action.<br>Exhibit 12. | Undisputed that General Star made the referenced assertions, but disputed as to the significance of the statements. |
| 19. | Subject to its reservation of rights, General Star is advancing expenses for the defense of the Nutrition Action, the Olvera Action, the Wagner Action, and the Stewart Action (collectively, the "Craze Actions").<br>Complaint ¶ 27; Counterclaim ¶ 29; Declaration of David J. Soucy in Support of General Star's Motion for Summary Judgment ("Soucy Decl.") ¶ 2. | Disputed but irrelevant and not material. General Star is not advancing expenses for the defense of the Craze Actions. It is paying defense costs as part of its duty to defend its insured. This is important because the cases relied on by |

|     |     |     |
| --- | --- | --- |
|     |     | General Star to support its right to recoupment are based on Directors and Officers Policies that require the insurer to advance defense expenses as opposed to the general liability policy duty to provide a defense. See Driven Sports' SMF ¶7 and General Star's SMF ¶3. |
| 20. | To date, General Star has advanced $45,389 for the defense of the Craze Actions.<br><br>Soucy Decl. ¶ 1. | Disputed but irrelevant and not material. General Star is not advancing expenses for the defense of the Craze Actions. It is paying defense costs as part of its duty to defend its insured. This is important because the cases relied on by General Star to support its right to recoupment are based on Directors and Officers Policies that |

| | | require the insurer to advance defense expenses as opposed to the general liability policy duty to provide a defense. In addition, the amount paid is disputed as it is unknown to Driven Sports at this time, but is irrelevant to the issues in this motion. See Driven Sports' SMF ¶7 and General Star's SMF ¶3. |
|---|---|---|

Dated: August 11, 2014                                      Respectfully submitted,

**THE KILLIAN FIRM, P.C.**                          **GAUNTLETT & ASSOCIATES**

Eugene Killian, Jr., Esq. [EK-9972]         By: /s/ David A. Gauntlett
Ryan Milun, Esq. [RM-1062]                     David A. Gauntlett, Esq. (*pro hac vice*)
555 Route 1 South, Suite 430                    James A. Lowe, Esq. (*pro hac vice*)
Iselin, New Jersey 08830-3151                  18400 Von Karman, Suite 300
Telephone: (732) 912-2100                        Irvine, California 92612
Facsimile: (732) 912-2101                          Telephone: (949) 553-1010
ekillian@tkfpc.com                                       Facsimile: (949) 553-2050
rmilun@tkfpc.com                                        info@gauntlettlaw.com
                                                                         jal@gauntlettlaw.com

Attorneys for Defendant Driven Sports, Inc.

## CERTIFICATE OF SERVICE

**I hereby certify** that on August 11, 2014, I electronically filed the foregoing document with the Clerk of this Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

/s/ David A. Gauntlett