UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GENERAL STAR INDEMNITY COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DRIVEN SPORTS, INC., )<br>)<br>Defendant. )<br>) | **Civil Action No.:** 14-cv-03579-JFB |

# DRIVEN SPORTS' SUR-REPLY IN OPPOSITION TO
# GENERAL STAR'S MOTION FOR SUMMARY JUDGMENT

## TABLE OF CONTENTS

                                              **Page**

I.     GENERAL STAR ELECTED TO AWAIT ITS REPLY BRIEF TO ATTACK CASES FIRST REFERENCED IN DRIVEN SPORTS' MOTION FOR SUMMARY JUDGMENT ........................................................................ 1

        A.     General Star's Newly Raised Cases Are Short On Analysis, Contrary to The Modern Trend, and Unlikely to Predict the New York Court of Appeals Approach to Recoupment ........................................................ 1

        B.     General Star Improperly Waited Until its Reply to Substantively Attack Driven Sports' Recent State Supreme Court Authority Denying Recoupment ........................................................................... 2

II.    GENERAL STAR'S POLICY IS NOT SELF-LIQUIDATING NOR DOES IT GIVE NOTICE OF THIS LIMITATION IN A MANNER SO THAT IT IS SELF-EVIDENT ................................................................................................ 4

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Abner, Herrman & Brock, Inc. v. Great N. Ins. Co.*,
   308 F. Supp. 2d 331 (S.D.N.Y. 2004)..................................................................................4

*Bridge Metal Indus. LLC v. Travelers Indem. Co.*,
   559 Fed. Appx. 15 (2nd Cir. (NY) March 11, 2014)............................................................3

*CGS Indus., Inc. v. Charter Oak Fire Ins. Co.*,
   720 F.3d 71, 81 (2d Cir. 2013)..............................................................................................3

*Tenney v. Ins. Co. of N. Am.*,
   409 F. Supp. 746 (S.D.N.Y. 1975)........................................................................................5

*XL Specialty Ins. Co. v. Level Global Investors, L.P.*,
   874 F. Supp. 2d 263 (S.D.N.Y. 2012)..................................................................................1

**STATE CASES**

*242-44 E. 77th St., LLC v. Greater N.Y. Mut. Ins. Co.*,
   31 A.D.3d 100, 815 N.Y.S.2d 507 (NY App. 1st Dept. 2006)..............................................5

*Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*,
   2 A.3d 526, 539 (P.A. 2010).................................................................................................3

*Certain Underwriters v. Lacher & Lovell-Taylor, P.C.*,
   112 A.D.3d 434 (N.Y. App. Div. 2013) ...............................................................................1

*Dupree v. Scottsdale Ins. Co.*,
   96 A.D.3d 546, 546 (N.Y. App. Div. 2012) ........................................................................1

*Fed. Ins. Co. v. Kozlowski*,
   18 A.D.3d 33 (N.Y. App. Div. 2005) ...................................................................................1

*Fitzpatrick v. Am. Honda Motor Co.*,
   78 N.Y.2d 61 (1991)..............................................................................................................4

*Gen. Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co.*,
   828 N.E.2d 1092 (Ill. 2005)..................................................................................................2

*Horace Mann Ins. Co. v. Hanke*,
   312 P.3d 429 (Mont. 2013)...................................................................................................2

*K2 Inv. Grp., LLC v. Am. Guar. & Liab. Ins. Co.*,
 983 N.Y.S.2d 761 (N.Y. 2014)

*Nat'l Sur. Corp. v. Immunex Corp.*,
 297 P.3d 688 (Wash. 2013) ................................................................................................. 2, 3

*National Union Fire Ins. Co. of Pittsburgh, PA v. Ambassador Group, Inc.*,
 157 A.D.2d 293 (N.Y. App. Div.1990) ................................................................................... 1

*Nucor Corp. v. Employers Ins. Co.*,
 231 Ariz. 411, 296 P.3d 74 (Ct. App. 2012) ........................................................................... 2

*Schwamb v. Fireman's Ins. Co. of Newark, New Jersey*,
 41 N.Y.2d 947 (1977) ............................................................................................................. 3

*Shoshone First Bank v. Pacific Employers Insurance Co.*,
 2 P.3d 510 (Wy. 2000) ............................................................................................................ 2

*First Insurance Co. of Hawaii, Inc. v. State, by Minami.*
 66 Haw. 413, 665 P.2d 648 (1983) ......................................................................................... 2

*Texas Ass'n of Counties Government Risk Management Pool v. Matagorda County*,
 52 S.W.3d 128, 44 Tex. Sup. Ct. J. 215 (2000) ...................................................................... 2

*Terra Nova Insurance Co. v. 900 Bar, Inc.*
 887 F.2d 1213 (3d Cir. 1989) ................................................................................................. 2

*Liberty Mut. Ins. Co. v. FAG Bearings Corp.*,
 153 F.3d 919, 924 (8th Cir. (Mo.) 1998) ................................................................................ 2


**DOCKET STATE CASES**

*Am. Family Home Ins. Co. v. Delia*,
 No. 12-cv-5380 (ADS)(WDW), 2013 U.S. Dist. LEXIS 166059 (E.D.N.Y. Nov. 15,
 2013) ....................................................................................................................................... 1

*Max Specialty Ins. Co. v. WSG Investors, LLC*,
 No. 09-CV-5237 (CBA) (JMA), 2012 U.S. Dist. LEXIS 108601 (E.D.N.Y. Apr. 20,
 2012) ....................................................................................................................................... 1

*N.Y. Inst. of Tech. v. Sareen*,
 No. 23134/08, 2012 NY Misc. LEXIS 1109 (N. Sup. Ct. March 1, 2012) ............................. 1

*Trustees of Princeton Univ. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, ¶ 6, 15 Misc.
 3d 1118(A) (N.Y. S.Ct. 2007) ................................................................................................. 1

*U.S. Specialty Ins. Co. v. Liberty Partners L.P.*,
    No. 11 Civ. 3736 (HB), 2011 U.S. Dist. LEXIS 128948 (S.D.N.Y. Nov. 7, 2011) ...................1


**MISCELLANEOUS**

*Int. J. Med. Sci.*, 2014, Vol. 11 .........................................................................................3

I.  **GENERAL STAR ELECTED TO AWAIT ITS REPLY BRIEF TO ATTACK CASES FIRST REFERENCED IN DRIVEN SPORTS' MOTION FOR SUMMARY JUDGMENT**

   A.  **General Star's Newly Raised Cases Are Short On Analysis, Contrary to The Modern Trend, and Unlikely to Predict the New York Court of Appeals Approach to Recoupment**

None of General Star's New York cases explain why authorizing a recoupment right not set forth in an insured policy is consistent with New York law, which forbids the addition of language not in the policy under the guise of policy construction.[1]

General Star's string cited cases claims for support of recoupment [Dkt. 34:9] are inapposite D&O or professional liability policy cases never establish a basis for recoupment. Most cases ultimately rely on *National Union Fire Ins. Co. of Pittsburgh, PA v. Ambassador Group, Inc.*, 157 A.D.2d 293, 299 (N.Y. App. Div.1990) which only discussed recoupment under "certain directors and officers policies" that apparently provided for recoupment. ("[U]under certain policies, directors and officers liability insurers are required to make contemporaneous interim advances of defense expenses where coverage is disputed, subject to recoupment in the event it is ultimately determined no coverage was afforded.") The case suggests no general right to recoupment.[2]

---

[1] *N.Y. Inst. of Tech. v. Sareen*, 2012 NY Misc. LEXIS 1109, at *6 (N. Sup. Ct. March 1, 2012) ("A court may not rewrite into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, nor may it construe the language in such a way as would distort the contract's apparent meaning. (*Id.; See, Marine Assocs. v. New Suffolk Dev. Corp.*, 125 A.D.2d 649, 510 N.Y.S.2d 175 (2d Dept. 1986)).").

[2] *Trustees of Princeton Univ. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, ¶ 6, 15 Misc. 3d 1118(A) (N.Y. S.Ct. 2007) referenced recoupment without discussion, relying on *Ambassador Group*. So did *Max Specialty Ins. Co. v. WSG Investors, LLC*, 2012 U.S. Dist. LEXIS 108601, 25 (E.D.N.Y. Apr. 20, 2012) and *Fed. Ins. Co. v. Kozlowski*, 18 A.D.3d 33, 42 (N.Y. App. Div. 2005) finding that recoupment is available under certain "directors and officers liability polic[ies]..." *Dupree v. Scottsdale Ins. Co.*, 96 A.D.3d 546, 546 (N.Y. App. Div. 2012) and *XL Specialty Ins. Co. v. Level Global Investors, L.P.*, 874 F. Supp. 2d 263, 289 (S.D.N.Y. 2012) then relied on *Kozlowski*. No authority was cited by *U.S. Specialty Ins. Co. v. Liberty Partners L.P.*, 2011 U.S. Dist. LEXIS 128948, 16 (S.D.N.Y. Nov. 7, 2011) or *Certain Underwriters v. Lacher & Lovell-Taylor, P.C.*, 112 A.D.3d 434 (N.Y. App. Div. 2013) in their brief mention of recoupment under professional liability policies. It focused on an indemnity arrangement. If the insured had not been willing to settle it need not have permitted the insurer to pay for it subject to a right of reimbursement. This is a far different fact scenario than an advance of attorneys' fees to defend a case where the insurer secured the benefit of defending under a reservation of rights. The *Lacher* court's supporting authority was a reinsurance coverage dispute with distinct policy consideration. *See, Certain Underwriters v. Lacher & Lovell-Taylor, P.C.*, 112 A.D.3d 434, 435 (N.Y. App. Div. 2013) ("[P]laintiff reserved its right to seek reimbursement of its defense costs in the event of a finding of no coverage

*Nucor Corp. v. Employers Ins. Co.*, 231 Ariz. 411, 296 P.3d 74 (Ct. App. 2012) addressed equitable contribution claims from other insurers for defense payments, not as General Star intimates.

*Hanke* analyzed a reservation of rights related to a contribution to the cost of defense fees reimbursement was not the focus of that court order where the insurer broadly reserved "the right to withdraw from the defense *and indemnity*."[3] It did not address the impact of a reservation of rights on the duty to defend. Rather, it permitted the insured to reserve its right to recover an additional amount it paid to the insured's settlement with a third party if there were no potentially covered claims.

**B.    General Star Improperly Waited Until its Reply to Substantively Attack Driven Sports' Recent State Supreme Court Authority Denying Recoupment**

General Star's Reply mischaracterizes both *Gen. Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co.*, 828 N.E.2d 1092 (Ill. 2005) and *Nat'l Sur. Corp. v. Immunex Corp.*, 297 P.3d 688 (Wash. 2013). Neither case is premised on "coverage by estoppel," as General Star boldly states.[4] Even a superficial reading of *Midwest*[5] and *Immunex* reveal that their analysis is fully consistent with New York law,[6] as a Third Circuit decision,[7] which the Pennsylvania

---

(*see American Guar. & Liab. Ins. Co. v CNA Reins. Co.*, 16 AD3d 154, 791 NYS2d 525 [1st Dept 2005]."). *Am. Family Home Ins. Co. v. Delia*, 2013 U.S. Dist. LEXIS 166059, 5 (E.D.N.Y. Nov. 15, 2013) cited no authority for recoupment in a case where the policyholder failed to cooperate in the underlying defense and defaulted in the coverage action.

[3]*Horace Mann Ins. Co. v. Hanke*, 312 P.3d 429, 435, *29 (Mont. 2013).

[4]*K2 Inv. Grp., LLC v. Am. Guar. & Liab. Ins. Co.*, 983 N.Y.S.2d 761, 763-64 (N.Y. 2014) (Addressed recovery of a settlement secured against an insured where the insurer refused to defend, a situation wholly inapposite to the facts here.).

[5]*Midwest*, 828 N.E.2d at 1101 ("[T]hat there was a contract implied in fact or law, or a finding that the insured was unjustly enriched when its insurer paid defense costs for claims that were not covered by the insured's policy. . . . **Upon review**, we find the analysis of those decisions **refusing to allow reimbursement** to be **more persuasive** and more on point with Illinois case law . . . ." (emphasis added)).

[6]Citing *Shoshone First Bank v. Pacific Employers Insurance Co.*, 2 P.3d 510, 514 (Wy. 2000); *First Insurance Co. of Hawaii, Inc. v. State, by Minami*. 66 Haw. 413, 665 P.2d 648, 654 (1983); *Texas Ass'n of Counties Government Risk Management Pool v. Matagorda County*, 52 S.W.3d 128, 44 Tex. Sup. Ct. J. 215 (2000); *Terra Nova Insurance Co. v. 900 Bar, Inc.*, 887 F.2d 1213 (3d Cir. 1989); *Liberty Mut. Ins. Co. v. FAG Bearings Corp.*, 153 F.3d 919, 924 (8th Cir. (Mo.) 1998).

[7]*Terra Nova Ins. Co. v. 900 Bar*, 887 F.2d 1213, 1219-20 (3d Cir. 1989).

Supreme Court concluded anticipated its rejection of recoupment.[8] Contrary to General Star's arguments, New York, like Pennsylvania, agree that a defense arises due to unresolved legal issues,[9] where "uncertainty existed about coverage,"[10] including "debatable and untenable claims."[11] In either jurisdictions, until that uncertainty is resolved, an insured should not be penalized by requiring it to repay monies incurred for its defense during this period of uncertainty.

Embracing this rationale, *Immunex* followed the modern trend, concluding that where an insurer unilaterally conditions its reservation of rights defense in making the insured absorb the defense cost if the court ultimately determines there is no coverage, that does not entitle the insurer, if successful, to recoupment.[12] General Star ignores these benefits secured by an insurer defending under reservation of rights,[13] as it improperly assumes the merits of the claimants suit which Driven Sports properly contests.[14] *Immunex* characterized contrary insurer views, like

---

[8] *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 2 A.3d 526, 539, 544 (P.A. 2010) (curiously absent from General Star's Reply Brief).

[9] *Bridge Metal Indus. LLC v. Travelers Indem. Co.*, 559 Fed. Appx. 15, 18-19 (2nd Cir. (NY) March 11, 2014) ("[B]ecause there was 'a legal uncertainty as to insurance coverage,' *Hugo Boss*, 252 F.3d at 622 (italics omitted), due to doctrinal confusion regarding the concept of 'title' at the time of the Policy, Travelers's duty to defend the underlying actions was triggered.").

[10] *CGS Indus., Inc. v. Charter Oak Fire Ins. Co.*, 720 F.3d 71, 81 (2d Cir. 2013) ("[A defense arose when] there was nonetheless, at the time of the filing of the Underlying Action, sufficient uncertainty about the scope of coverage to trigger Charter's duty to defend.").

[11] *Schwamb v. Fireman's Ins. Co. of Newark, New Jersey*, 41 N.Y.2d 947, 949 (1977) ("So long as the claims, even though predicated on debatable or even untenable theory, may rationally be said to fall within policy coverage, whatever may later prove to be the limits of the insurer's responsibility to pay, there is no doubt that it is obligated to defend.").

[12] *Immunex*, 176 Wn.2d at 879-80 ("Because a reservation of rights defense is fraught with potential conflicts, it implicates an enhanced duty of good faith toward the insured. . . . Additionally, defending under a reservation of rights enables the insurer to protect its interests without facing claims of waiver or estoppel and to walk away from the defense once a court declares it owes no duty.").

[13] *Id*. at 880 ("By insuring itself against potentially disastrous findings of breach, bad faith, waiver, and coverage by estoppel, an insurer unquestionably benefits from its decision to defend under a reservation of rights—even when, as here, a court later finds that it owes no duty to continue that defense.")

[14] *See Int. J. Med. Sci.*, 2014, Vol. 11 (www.medsci.org/V11p0116.pdf.org/) ("Effects Of A Pre-Workout Supplement On Lean Mass Muscular Performance, Subjective Workout Experience and Biomakers of Safety. ([W]e examine the effects of a mutli-ingredient pre-exercise workout supplement blend of Creative, beatine and a dendrobium extract (MMP) on safety, performance and body composition in healthy men and women undergoing a supervised program of resistance exercise.)" *Id*. at

those espoused by General Star here, as an "all reward, no risk proposition" it was unwilling to adopt.[15] This hindsight posture advocated by General Star is contrary to the prospective coverage analysis New York law requires.[16]

## II. GENERAL STAR'S POLICY IS NOT SELF-LIQUIDATING NOR DOES IT GIVE NOTICE OF THIS LIMITATION IN A MANNER SO THAT IT IS SELF-EVIDENT

On reply, General Star raises for the first time a federal district court decision from New York—*Abner, Herrman & Brock, Inc. v. Great N. Ins. Co.*, 308 F. Supp. 2d 331, 336 (S.D.N.Y. 2004). But this first party insurance contract dispute addressed only the applicability of the provisions in the policy's notice section.[17] *Abner* does not address any aspect of a defense duty. It provides no insight into whether the defense fees liquidate policy proceeds. Moreover, *Abner*, conceded that it was only because the court determined that the phrase was unambiguous, and favored the insurer (an unlikely conclusion here) that there was no need for resort to extrinsic evidence.[18] The language, which *Abner* cited, only addresses circumstances where there is an intent to alter or interpret an unambiguous contract provision, not the general right to introduce extrinsic evidence in evaluating the duty to defend.[19]

Here, General Star's failure to expressly reference what it contends is the unambiguous character of self-liquidated policy language it relies upon, urging this court to adopt an analytic

---

116. "[Including] Craze™ (Driven Sports, NY; multi-ingredient performance product; MPP)" *Id*. at 117. "Supplementation with MPP was generally safe and well-tolerated. This pre-work supplement did not induce any harmful effects on clinically relevant serum, blochemistry parameters, systemic hemodynamics, or ECG tracings." *Id*. at 125.).

[15] *Immunex*, 176 Wn.2d at 885.

[16] Many affirmative duties attend upon an insured's acknowledgement of a defense. *Elacqua v. Physicians' Reciprocal Insurers*, 2008 NY Slip Op 4968, 52 A.D.3d 886, 860 N.Y.S.2d 229 (An insurer commits a deceptive business practice if it fails to advise its insured that it is entitled to retain independent counsel).

[17] *Abner*, 308 F. Supp. 2d at 334.

[18] *Id*. at 336 ("Where the contractual language is subject to more than one reasonable meaning and where extrinsic evidence of the parties' intent exists, the question of the proper interpretation should be submitted to the trier of fact.").

[19] *Fitzpatrick v. Am. Honda Motor Co.*, 78 N.Y.2d 61 (1991).

approach contrary to New York law.[20] Either Driven Sports is correct and there is no need for resort to extrinsic evidence, as the policy's language does not render General Star's policy self-liquidating; or New York law compels a ruling in Driven Sports' favor, as General Star's construction renders the language ambiguous or necessitating its construction against it.[21].

Dated: September 4, 2014

| | |
|---|---|
| **THE KILLIAN FIRM, P.C.** | **GAUNTLETT & ASSOCIATES** |
| Eugene Killian, Jr., Esq.  [EK-9972] | |
| Ryan Milun, Esq. [RM-1062] | By:  /s/ David A. Gauntlett |
| 14 Wall Street, 20th Floor | David A. Gauntlett, Esq. (*pro hac vice*) |
| New York, New York  10005 | James A. Lowe, Esq. (*pro hac vice*) |
| Telephone:  (212) 618-1409 | 18400 Von Karman, Suite 300 |
| Facsimile:   (212) 618-1705 | Irvine, California  92612 |
| ekillian@tkfpc.com | Telephone:  (949) 553-1010 |
| rmilun@tkfpc.com | Facsimile:   (949) 553-2050 |
| \* \* \* **AND** \* \* \* | info@gauntlettlaw.com |
| 555 Route 1 South, Suite 430 | jal@gauntlettlaw.com |
| Iselin, New Jersey  08830-3151 | |
| Telephone:  (732) 912-2100 | |
| Facsimile:   (732) 912-2101 | |

Attorneys for Defendant Driven Sports, Inc.

---

[20]*Tenney v. Ins. Co. of N. Am.*, 409 F. Supp. 746, 748 (S.D.N.Y. 1975) ("If the defendant intended the construction it now places in the policy, it could and should have explicitly so provided. Having failed to do so, it should not now be allowed to avoid responsibility on the ground that such liability was impliedly not covered.").

[21]*242-44 E. 77th St., LLC v. Greater N.Y. Mut. Ins. Co*., 31 A.D.3d 100, 105, 815 N.Y.S.2d 507, 511 (NY App. 1st Dept. 2006) ("Where an insurance policy reasonably lends itself to two conflicting interpretations, its terms are ambiguous and must be construed in favor of the insured and against the insurer, the drafter of the policy language (*Matter of Mostow v State Farm Ins. Cos*., 88 NY2d 321, 326, 668 NE2d 392, 645 NYS2d 421 [1996]; *see Breed v Insurance Co. of N. Am*., 46 NY2d 351, 357, 385 NE2d 1280, 413 NYS2d 352 [1978]").

## CERTIFICATE OF SERVICE

**I hereby certify** that on September 4, 2014, I electronically filed the foregoing document with the Clerk of this Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

     /s/ David A. Gauntlett

| **LOCAL COUNSEL:** | David A. Gauntlett, Esq. *[Pro Hac Vice]* |
|---|---|
| Eugene Killian, Jr. (EK 9972) | James A. Lowe, Esq. *[Pro Hac Vice]* |
| THE KILLIAN FIRM, P.C. | GAUNTLETT & ASSOCIATES |
| 14 Wall Street, 20th Floor | 18400 Von Karman, Suite 300 |
| New York, NY 10005 | Irvine, CA 92612 |
| Telephone: (212) 618-1409 | Telephone: (949) 553-1010 |
| Facsimile: (212) 618-1705 | Facsimile: (949) 553-2050 |
| *-and-* | info@gauntlettlaw.com |
| 555 Route 1 South, Suite 430 | jal@gauntlettlaw.com |
| Iselin, NJ 08830 | |
| Telephone: (732) 912-2100 | |
| Facsimile: (732) 912-2101 | |
| ekillian@tkfpc.com | |

Attorneys for Defendant
Driven Sports, Inc.